IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD MARTINS

                              Petitioner,                                    ORDER

                              v.                                                3:07-cv-683-bbc

FEDERAL BUREAU OF PRISONS,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for injunctive relief brought pursuant to the Administrative Procedures Act, 5 U.S.C. §§701-706. Plaintiff Edward Martins, a federal prisoner, alleges that he has been denied consideration for placement in a halfway house because he has not yet reached the final 10% of his sentence, in accordance with 28 C.F.R. §§ 570.20 and 570.21. He contends that §§ 570.20 and 570.21 are invalid under 18 U.S.C. § 3621(b), which permits the Federal Bureau of Prisons to place prisoners in "any available penal or correctional facility," using five statutory criteria to make the assessment. He requests a preliminary injunction directing respondents to consider him for placement in a halfway house without reference to §§ 570.20 and 570.21.

      Petitioner seeks leave to proceed under the in forma pauperis statute, 28 U.S.C. §

1

1915.  In a previous order, I concluded that petitioner was unable to pay the full filing fee and directed him to make an initial partial payment of $27.85, which the court has received.

The Administrative Procedures Act applies to "final agency action" only.  5 U.S.C. § 704.  Agency action is not "final" for purposes of § 704 unless "an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule." Darby v. Cisneros, 509 U.S. 137, 146 (1993).  In this case, plaintiff has an available administrative remedy under 28 C.F.R. §§ 542.10-19, which "allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  The process includes three steps, beginning with a grievance filed with the warden, followed by appeals to the regional director and then to general counsel if the prisoner is dissatisfied with any of the earlier decisions.  28 C.F.R. § 542.15(a).

Until plaintiff receives a decision from general counsel denying his claim, there has been no "final agency action" under § 704 and plaintiff has no cause of action under the APA.  28 C.F.R. § 543.32; see also Hartman v. Holder, 2005 WL 2002455, *7 (E.D.N.Y. 2005).  Because plaintiff did not attach general counsel's decision to his complaint or otherwise allege that he is seeking review of final agency action, I cannot yet consider the merits of his claim.

ORDER

2

IT IS ORDERED that plaintiff Edward Martins may have until February 6, 2008, to submit proof of final agency action under 5 U.S.C. § 704. If plaintiff does not respond by February 1, I will dismiss the case for plaintiff's failure to show that his claim is ripe for review under the Administrative Procedures Act.

Entered this 22d day of January, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge